EDWIN A. BOOTH, APPELLANT, V. GUSTAV KESSLER ET AL., APPELLEES.

FILED OCTOBER 16, 1901.　No. 10,392.

1. **Finding of Court Based on Conflicting Evidence, Will Not Be Disturbed.** When the evidence is fairly conflicting or where the case, as made by the evidence, is such that reasonable minds might fairly differ. as to the correct and proper conclusion to be drawn therefrom, a finding of fact made by the trial court will not be disturbed on appeal.

2. **Finding of Court of Same Weight as Verdict of Jury in All Cases.** Findings on questions of fact by a trial court are entitled to the same weight and same presumption of correctness as a verdict of a jury, and the rule is the same whether the case is wrought to this court on error or appeal, and applies to all classes of actions. *Burlingim v. Warner*, 39 Nebr., 493.

3. **Evidence:** FINDING. Evidence examined, and *held* sufficient to support the finding and decree of the trial court.

APPEAL from the district court for Thayer county. Heard below before HASTINGS, J. *Affirmed.*

*Richards & Dinsmore*, for appellant.

*John T. McCuistion, contra.*

HOLCOMB, J.

The plaintiff, appellant here, began an action in equity for the foreclosure of a real estate mortgage, grounding his cause of action and right to the relief prayed upon allegations the substance of which was the execution and delivery of the promissory note and mortgage sued on to one C. M. Weiss, and his purchase of the same in the ordinary course of business for a valuable consideration and before maturity, thereby placing himself in the attitude of an innocent holder of the note for value before maturity. The defendants, appellees, pleaded a want of consideration and that the note and mortgage were given to the said Weiss but that he was acting as the agent of the plaintiff, who was the principal in the transaction, although the note and mortgage were taken in the name of the agent, and that the plaintiff was not an innocent purchaser for value before maturity. After reply a trial to the court was had on the issues raised by the pleadings, which resulted in findings generally in favor of the defendants, and that Weiss acted as the agent of the plaintiff, who was his principal, and undertook in the first instance to make the loan through Weiss, as his agent, and in whose name the note and mortgage were executed. Plaintiff appeals, and ar-

49

gues in his brief that the evidence is insufficient to sustain the findings of the trial court, and is contrary thereto.

The defendant, Gustav Kessler, undertook to procure a loan of $450, which with money he then had on hand was sufficient to pay a prior mortgage on his land for the sum of $1,000. A very slight examination of the bill of exceptions containing the evidence convinces one that, as between the proposed borrower, Kessler, and Weiss, the latter was acting as agent of an undisclosed lender, and undertook to negotiate a loan for the amount desired. The written application was made and the note and mortgage executed to Weiss for the purpose of sending them to an "eastern party," as expressed by him, who was to make the loan and forward to him the funds thus to be borrowed. Whether or not the plaintiff, as between him and the mortgagor, did in fact take the note and mortgage from Weiss as one of the principals in the transaction, or as purchaser in the ordinary course of trade, presents a more difficult proposition under the evidence submitted in the case. The real and decisive test is the question of agency.

The evidence, we think, shows that in the execution of the note and mortgage, Weiss took them in his own name for the purpose of obtaining the loan from the plaintiff, and that he did not intend nor was it understood by the parties that he was negotiating the loan on his own behalf as lender. The note and mortgage were by their terms made payable at the First National Bank of Candor, New York, where the plaintiff resided. At the time of the execution of the note and mortgage to Weiss there was also executed by the defendants a formal application for a loan, stating the security offered, the condition and situation of the same, prior incumbrances, what the money was wanted for, and much other information of interest to a prospective lender. In this application Weiss was designated as the agent of the borrower, but if an agent at all, he was obviously the agent of the plaintiff, notwithstanding such designation. There was also a long list of questions and answers prepared as a part of the application,

giving information pertaining to the proposed loan and its desirability, to which Weiss as "correspondent" signed his name as such, and in which the loan was recommended to be made as applied for, and on the security offered. The mortgage was filed and recorded and an abstract of title completed showing the exact status with respect to title to the land, and with blank indorsements on the note, and coupons for interest, all the papers mentioned were sent to the plaintiff. Very shortly afterward a draft for the money, also the money on another loan, was by plaintiff sent to and received by Weiss, who credited the same to plaintiff's account in the bank in which Weiss was cashier, and which afterwards failed, without payment thereof to the defendant or on the prior incumbrance for the partial satisfaction of which the loan was applied for. Upon the receipt of the draft for the amount of the loan, Weiss executed a formal assignment of the mortgage to the plaintiff. It is shown that a number of similar transactions were had between the plaintiff and Weiss with respect to other loans. But little of the correspondence regarding these transactions is in evidence. In a letter from the plaintiff to the defendants' attorneys, long after the transaction, he says with regard to the satisfaction of the balance of the prior mortgage: "If this mtg. is actually paid or whose money paid it whether by the money I sent Weiss or by Kessler's own money (or it may not have been paid at all) I have no way of knowing * * *." The language is, we think, inconsistent with the idea that plaintiff purchased the note and mortgage from the payee therein named but rather indicates that he sent the money to Weiss in response to the application of the mortgagor for a loan for the purpose mentioned. In this connection it is pertinent to remark that the evidence is entirely clear upon the point that the application for the loan was made for the purpose of paying a balance due on a prior mortgage; that the prior mortgage was not satisfied and that plaintiff was advised of this fact when he accepted the note and mortgage in question; and that he forwarded the money

to Weiss evidently for the purpose of having the prior mortgage satisfied before he intended the transaction should be closed. Other evidence of much the same character was introduced. We can not say the trial court was not justified, from all the facts and circumstances shown in evidence, in finding that in the transaction Weiss acted as the agent of the plaintiff and that plaintiff did not in fact purchase the note and mortgage of Weiss as alleged. There is no very serious conflict or contradiction in the evidence. Aside from the testimony of the plaintiff wherein he testifies that he bought the note and mortgage of Weiss and paid him for them,—which is in the nature of a conclusion rather than a statement of fact,—there is no substantial controversy as to the facts surrounding the transaction and which lead up to and establish the ultimate fact and chief point in controversy; that is, the character of the transaction as between the three active agents thereto and principal participants therein. We incline to the view that, as established by the evidence, it is a case where reasonable minds might very properly differ as to the proper conclusions to be drawn therefrom, and, if so, we are not warranted in disturbing the finding, even though we might be of the opinion that a different conclusion than that reached by the trial court might be more proper. The rule is that in appeal and a trial *de novo* the findings of the district court will not be disturbed unless they can not be reconciled with any reasonable construction of the testimony (*Gadsden v. Phelps,* 37 Nebr., 590); that when only questions of fact are presented as to which there is sufficient evidence to sustain the findings of the district court, judgment will be sustained. *Cunningham v. Katz,* 38 Nebr., 29. Findings on questions of fact by a trial court are entitled to the same weight and the same presumption of correctness as a verdict of a jury, and the rule is the same whether the case is brought to this court on error or appeal, and applies to all classes of actions. *Burlingim v. Warner,* 39 Nebr., 493.

The decree appealed from must be

AFFIRMED.